# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**KIMBERLY DAWN GUINTA,**

   Plaintiff,

v.               Case No: 6:18-cv-1064-Orl-DCI

**COMMISSIONER OF SOCIAL SECURITY,**

   Defendant.

## MEMORANDUM OF DECISION

  Kimberly Dawn Guinta (Claimant) appeals to the District Court from a final decision of the Commissioner of Social Security (the Commissioner) denying her applications for disability insurance benefits and supplemental security income. Doc. 1; R. 1-6, 193-213. Claimant argued that the Administrative Law Judge (the ALJ) erred by failing to properly weigh the opinion of Dr. Westfall. Doc. 18 at 10-14. For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED**.

## I. THE ALJ'S DECISION

  In 2014 and 2015, Claimant filed applications for disability insurance benefits and supplemental security income. R. 17, 193-213. Claimant alleged a disability onset date of December 22, 2012. *Id*.

  The ALJ issued her decision on June 22, 2017. R. 17-31. In her decision, the ALJ found that Claimant had the following severe impairments: mild thrombocytosis and bipolar disorder. R. 20. The ALJ found that Claimant had an RFC to perform less than a full range of light work as

defined by 20 C.F.R. §§ 404.1567(b) and 416.967(b).[1]  R. 20.  Specifically, the ALJ found as follows:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except with no climbing of ladders, ropes, and scaffolds; no more than frequent climbing of ramps and stairs, bending, balancing, stooping, squatting, crouching, crawling, and kneeling; no exposure to heights, temperature extremes, or humidity; limited to simple unskilled work with normal breaks every two hours with no interaction with the public; and can be in the vicinity of co-workers, but cannot do tandem work.

*Id.*  The ALJ posed a hypothetical question to the VE that was consistent with the foregoing RFC determination, and the VE testified that Claimant was capable of performing jobs in the national economy.  R. 67-69.  The ALJ thus found that Claimant was capable of performing jobs that existed in significant numbers in the national economy.  R. 29-31.  Therefore, the ALJ found that Claimant was not disabled between the alleged onset date and the date of the ALJ's decision.  *Id.*

## II. STANDARD OF REVIEW

"In Social Security appeals, [the court] must determine whether the Commissioner's decision is 'supported by substantial evidence and based on proper legal standards.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted).  The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b); 416.967(b).

create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

### III.  ANALYSIS

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *Phillips*, 357 F.3d at 1238. "The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. §§ 404.1546(c); 416.946(c). In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining, and non-examining medical sources. 20 C.F.R. §§ 404.1545(a)(1), (3); 416.945(a)(1), (3); *see also Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012).

The weighing of treating, examining, and non-examining physicians' opinions is an integral part of steps four and five of the sequential evaluation process. "[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id*. (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).

The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization. 20 C.F.R. §§ 404.1527(c); 416.927(c). A treating physician's opinion must be given substantial or considerable weight, unless good cause is shown to the contrary. *Winschel*, 631 F.3d at 1179; *see also* 20 C.F.R. §§ 404.1527(c)(2); 416.927(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence). "Good cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Winschel*, 631 F.3d at 1179 (quotation marks omitted).

Here, Claimant argued that the ALJ erred by failing to properly weigh the opinion of Dr. Westfall. Doc. 18 at 10-14. Specifically, Claimant argued that the ALJ erred by giving Dr. Westfall's opinion little weight on the grounds that Dr. Westfall's opinion is "not supported by

[Dr. Westfall's] own treatment notes/objective medical findings." *Id*. at 11-12. Claimant noted that the ALJ failed to mention any of the physical examination findings that were documented in Dr. Westfall's records. *Id*. at 12. Claimant also argued that the ALJ's finding that Dr. Westfall relied on Claimant's subjective report of symptoms and limitations is insufficient. *Id*. at 13.

On September 15, 2016, Dr. Westfall completed a "Medical Assessment of Ability to do Work-Related Activities" wherein Dr. Westfall opined to limitations more severe than those found in the RFC. R. 704-05. In her decision, ALJ stated as follows with respect to Dr. Westfall:

> Records from Stanley Stockhammer, DO/Jack Westfall, DO, covering the period February of 2015 through April of 2016 show the claimant was diagnosed with spider bite, hyperlipidemia, thrombocytosis, hypertension, lumbago, asthma, pre-diabetes, fibromyalgia, degenerative arthritis, irritable bowel syndrome, headache, and dental pain (Exhibits B-7F, B-9F, and B-21F). These records are handwritten and very hard to read, some illegible. Furthermore, forms are preprinted with the physicians circling whether exam was normal/abnormal and notating a few extra things.
>
> . . .
>
> Records from Stanley Stockhammer, DO/Jack Westfall, DO, covering the period May of 2016 through May of 2017 show the claimant was diagnosed with upper respiratory infection, cervicalgia, hypertension, lumbago, bipolar disorder, fibromyalgia, degenerative arthritis of the spine, and hyperlipidemia. In September of 2016, Dr. Westfall completed a Medical Assessment of Ability to do Work-Related Activities. He stated the claimant could sit 3 hours (2 hours at one time) in an 8-hour day; lift/carry 15 pounds occasionally, 10 pounds frequently, and 5 pounds continuously; stand 2 hours (30 minutes at one time) in an 8-hour day; and walk 3 hours (15 minutes at one time) in an 8-hour day. Dr. Westfall stated the claimant was limited in her ability to continuously handle objects. He stated the claimant could bend 15 minutes continuously and then began to have lumbar spine, and was limited in regards to pulling. Dr. Westfall stated the claimant had allergies to dust mites, grass, and "illegible" (Exhibits B-32F and B-33F). These notes are handwritten and hard to read, some illegible. Furthermore, forms are preprinted with the physicians circling whether exam was normal/abnormal and notating a few extra things.
>
> As for the opinion evidence, I give little weight to the opinion of Dr. Westfall (Exhibit B-32F/9-10) as his opined severity is not supported by his own treatment notes/objective medical findings (Exhibits B-7F, B-9F, B-21F, B-32F, and B-33F). As noted previously, these records are handwritten and hard to read, some illegible.

> Furthermore, the forms are preprinted with the physicians circling whether exam was normal/abnormal and noting a few extra things. Furthermore, it appears that Dr. Westfall relied quite heavily on the subjective report of symptoms and limitations provided by the claimant (Exhibit B-32F/l 1-12), and seemed to uncritically accept as true most, if not all, of what the claimant reported.

R. 26-28. The ALJ provided no further explanation as to how Dr. Westfall's opinions are purportedly inconsistent with Dr. Westfall's "own treatment notes/objective medical findings (Exhibits B-7F, B-9F, B-21F, B-32F, and B-33F)."

Upon review, the Court finds that the ALJ's statement that Dr. Westfall's opinion is not supported by his "own treatment notes/objective medical findings" is insufficient and conclusory. Indeed, not only did the ALJ fail to specifically identify how Dr. Westfall's opinion was inconsistent – or which of Dr. Westfall's opinions were inconsistent – with his "own treatment notes," the ALJ failed to discuss any of Dr. Westfall's physical examination findings when discussing Dr. Westfall's records. There is nothing in the ALJ's decision to elucidate why the ALJ felt that Dr. Westfall's records were inconsistent with Dr. Westfall's opinion. Therefore, the Court finds that the ALJ erred. *See Hanna v. Astrue*, 395 F. App'x 634, 636 (11th Cir. 2010) ("The ALJ must state the grounds for his decision with clarity to enable us to conduct meaningful review."). Further, the Court notes that it has reviewed Dr. Westfall's records cited by the ALJ and that it is not readily apparent to the Court how Dr. Westfall's records are inconsistent with his opinion. Indeed, those records cover significant period of treatment by at least two medical providers and include entries that may or may not support the opinions at issue. *See, e.g.*, R. 423-42, 573-87, 695-754. Thus, to decide whether or not Dr. Westfall's records support the ALJ's finding would require the Court to reweigh the evidence, which the Court will not do. *See Phillips*, 357 F.3d at 1240 n.8 (stating that the court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'") (quotation omitted).

In addition, the ALJ's other statements regarding Dr. Westfall's records and opinion do not establish good cause for discounting the opinion of a treating physician. As noted *supra*, "[g]ood cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Winschel*, 631 F.3d at 1179 (quotation marks omitted). The ALJ's statements that (1) Dr. Westfall's records were "handwritten and hard to read," (2) Dr. Westfall's records were "preprinted with the physicians circling whether exam was normal/abnormal and notating a few extra things," and (3) "Dr. Westfall relied quite heavily on the subjective report of symptoms and limitations provided by the claimant," are not findings that may constitute good cause pursuant to *Winschel*. And the Commissioner has cited no authority to the contrary. Further, neither the ALJ nor the Commissioner has explained how the fact that Dr. Westfall's records are preprinted, handwritten, and difficult to read somehow renders Dr. Westfall's records inconsistent with Dr. Westfall's opinion. And the mere fact that Dr. Westfall's opinion largely coincided with Claimant's self-reported limitations does not, standing alone, establish good cause for discrediting Dr. Westfall's opinion.[2] Had the ALJ believed that Dr. Westfall relied solely upon Claimant's self-reported limitations, and not upon Claimant's treatment history and Dr. Westfall's own medical judgment, then the ALJ could have found that Dr. Westfall's opinion was conclusory or not bolstered by the evidence. But the ALJ did not do so here.[3]

---

[2] The Court notes that although Dr. Westfall's opinion regarding Claimant's limitations was largely identical to Claimant's self-reported limitations, there were some differences. R. 704-07.

[3] The Court notes that although the ALJ found that Dr. Westfall's opinion was inconsistent with his own treatment records, the ALJ did not do so properly. *See supra*.

The Commissioner's arguments to the contrary are unavailing. First, the Commissioner cites findings in Dr. Westfall's records that the Commissioner believes are inconsistent with Dr. Westfall's opinion. But the Court will not rely on the Commissioner's post-hoc arguments. *See Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (A court will not affirm based on a post hoc rationale that "might have supported the ALJ's conclusion.") (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)). To do so would necessarily require the undersigned to reweigh the evidence, which the undersigned declines to do. *See Phillips*, 357 F.3d at 1240 n.8 (11th Cir. 2004) (stating that the district court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'") (quotation omitted).

Next, the Commissioner argued that Dr. Westfall's opinion was inconsistent with the other medical evidence of record. But that was not a reason that the ALJ provided for discounting Dr. Westfall's opinion. Again, the Court will not rely on the Commissioner's post-hoc arguments. *See Dempsey*, 454 F. App'x at 733 (A court will not affirm based on a post hoc rationale that "might have supported the ALJ's conclusion.") (quotation omitted).

The Commissioner also argued that Dr. Westfall's opinion consisted of unexplained circles. But the undersigned disagrees. It is clear that the ALJ's statement – that "the forms are preprinted with the physicians circling whether exam was normal/abnormal and notating a few extra things" – was referring to Dr. Westfall's treatment records, not Dr. Westfall's opinion, because Dr. Westfall's opinion does not contain any circling. *See* R. 704-705 (B32F at 9-10) The Court will not now rely on the Commissioner's post-hoc argument that Dr. Westfall's opinion was conclusory. *See Dempsey*, 454 F. App'x at 733 (A court will not affirm based on a post hoc rationale that "might have supported the ALJ's conclusion.") (quotation omitted).

Finally, the Commissioner argued that the ALJ properly considered the fact that Dr. Westfall "heavily relied" on Claimant's subjective reports when forming his opinion and that a Claimant's subjective statements are not an acceptable basis for an opinion. But, as the Court noted *supra*, had the ALJ believed that Dr. Westfall relied solely upon Claimant's self-reported limitations, and not upon Claimant's treatment history and Dr. Westfall's own medical judgment, then the ALJ could have found that Dr. Westfall's opinion was conclusory or not bolstered by the evidence.[4] The ALJ did not do so here. The Court further notes that in making this argument, the Commissioner noted Dr. Westfall's failure to "provide an acceptable explanation for his opinion or objective medical evidence to support his opinion." *Id*. at 17. This is the same as arguing that Dr. Westfall's opinion was conclusory. Again, the ALJ did not make this argument, and the Court will not now rely on the Commissioner's post-hoc argument. *See Dempsey*, 454 F. App'x at 733 (A court will not affirm based on a post hoc rationale that "might have supported the ALJ's conclusion.") (quotation omitted).

Accordingly, because the ALJ failed to demonstrate good cause for giving Dr. Westfall's opinion less than substantial weight, Claimant's argument is well-taken.

## IV. CONCLUSION

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

---

[4] The cases cited by the Commissioner involve situations in which the ALJs properly found that the doctors' opinions were inconsistent with other substantial evidence in the record. *See Lacina v. Comm'r Soc. Sec. Admin.*, 606 F. App'x 520, 528 (11th Cir. 2015); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159-60 (11th Cir. 2004). The ALJs in those cases did not solely rely upon the fact that the doctors' opinions were consistent with the claimants' self-reported limitations.

2. The Clerk is directed to enter judgment for Claimant and against the Commissioner, and close the case.

**DONE** and **ORDERED** in Orlando, Florida on August 30, 2019.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Teresa J. McGarry
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc
Bldg. 400, Suite 400
8880 Freedom Crossing
Jacksonville, FL 32256-1224